IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
|     Plaintiff,  ) | |
| ) | |
| v.  ) | 3:97-CR-257-G(11) |
| ) | (3:05-CV-0442-G) |
| FRANCISCA E. LOPEZ, #30909-077,  ) | |
|     Defendant/Movant.  ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a motions to vacate, set aside, or correct sentence filed by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties: Movant is presently confined at the Federal Medical Center Carswell in Fort Worth, Texas.  The court has not issued process in this case.

Statement of the Case:  Movant pled guilty to conspiracy to distribute cocaine and marijuana in violation of 21 U.S.C. § 846.  Punishment was assessed at 324 months confinement followed by a five-year term of supervised release.  United States v. Lopez, 3:97cr257-G(11).  Movant did not appeal. Instead, she filed a motion under 28 U.S.C. § 2255, which was denied on the merits.  United States v. Lopez, No. 3:98cv2935-G (N.D. Tex. Feb. 5, 1999).  The Fifth Circuit denied her request for a certificate of appealability.  Id. (Docket entry of Aug. 23, 1999).  Movant then submitted a second § 2255 motion, which was unfiled because she never obtained permission from the court of appeals to file a successive motion.  United States v. Lopez, No. 3:99cv0157-G (N.D. Tex. Feb. 19, 1999).  Her

subsequent motion for leave to file a consecutive motion to vacate, filed on September 27, 1999, was denied by this court because Movant had to obtain such an order from the Fifth Circuit Court of Appeals.  United States v. Lopez, No. 3:97cr257-G(11) (Order filed Oct. 25, 1999).

In this third § 2255 motion, Movant challenges her sentence on the basis of the Supreme Court's recent decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, 756, 160 L.Ed.2d 621 (2005) (reaffirming holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt").

Findings and Conclusions:  28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, provide that a second or successive motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals before it can be heard in the district court.  See In re Epps, 127 F.3d 364 (5th Cir. 1997); see also In re Tolliver, 97 F.3d 89, 90 (5th Cir. 1996) (addressing a similar provision applicable to second or successive motions pursuant to 28 U.S.C. § 2255).

Since Movant filed a previous motion under § 2255 which was denied, this court lacks jurisdiction to consider the present § 2255 motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit.  See Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).  Therefore, this § 2255 motion should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  See In re Epps, 127 F.3d at 364 (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth

Circuit Court of Appeals).[1]

RECOMMENDATION:

For the foregoing reasons it is recommended that Movant's motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed on March 2, 2005, be dismissed without prejudice to Movant's right to file a motion for leave to file a second or successive § 2255 motion in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §§ 2244(b)(3)(A) and 2255.

The clerk will mail a copy of this recommendation to Movant Francisca E. Lopez, #30909-077, FMC Carswell, P.O. Box 27137, FortWorth, TX 76127.

Signed this 24th day of May, 2005.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[1] To obtain the requested authorization to file a successive § 2255 motion, a Movant must show that the motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.
The Fifth Circuit recently denied a motion for leave to file a successive § 2255 motion raising a Booker claims. See In re Elwood, ___ F.3d ___, 2005 WL 976998, at *1-3 (5th Cir. Apr. 28, 2005) (Per Curiam). In so ruling, the Fifth Circuit held that the United States Supreme Court did not make Booker retroactive to cases on collateral review for purposes of a successive motion under § 2255. Id.